Anacleto PEREZ–BAUTISTA, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72901.

Agency No. A70–804–197.

United States Court of Appeals, Ninth Circuit.

Submitted March 4, 2004.*

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided March 8, 2004.

Anacleto Perez–Bautista, pro se, Escondido, CA, for Petitioner.

District Counsel, Office of the District Counsel, San Diego, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel San Francisco, CA, Officer Margaret Perry, Mary Jane Candaux, Audrey B. Hemesath, Washington, DC, for Respondent.

Before SILVERMAN, GOULD, and BEA, Circuit Judges.

MEMORANDUM[**]

Anacleto Perez–Bautista, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

Substantial evidence supports the IJ's conclusion that Perez–Bautista failed to establish past persecution or a well-founded fear of persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The IJ found the attempts to forcibly recruit Perez–Bautista were not on account of Perez–Bautista's actual or implied political opinion and the record does not compel a contrary conclusion. *Id.* Likewise, substantial evidence supports the IJ's finding of changed country conditions, *see Molina–Estrada v. INS,* 293 F.3d 1089, 1095 (9th Cir.2002), and that the

danger to Perez–Bautista was not country-wide, *Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir.2003).

Perez–Bautista is ineligible for a grant of humanitarian asylum because he failed to establish past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A).

Because Perez–Bautista failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *Marcu v. INS,* 147 F.3d 1078, 1083 (9th Cir.1998).

Perez–Bautista is not entitled to relief under the CAT because he did not demonstrate that it was more likely than not that he would be tortured if returned to Guatemala. *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001); 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

